UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOEINEDDIN GHAVAMI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JUAN ALANIS and | § | SA-05-CV-0700 RF |
| JOSE LEDESMA, individually and in | § | |
| their official capacities as Bexar County | § | |
| Detention Center guards, and | § | |
| SEVERAL UNKNOWN BEXAR COUNTY | § | |
| DETENTION CENTER GUARDS, | § | |
| individually and in their official capacities | § | |
| as Bexar County Detention Center Guards, | § | |
| and BEXAR COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO QUASH (DOCKET ENTRY 122)**

The matter before the Court is plaintiff's motion to quash notices of depositions on written questions, defendant Ledesma's response thereto and plaintiff's reply (docket entries 122, 125, and 137).

Plaintiff failed to attach a certificate of conference to his motion as required by Local Rule CV-7(h). For that reason, the motion will be DENIED.

Should plaintiff choose to refile his motion, he is reminded that the scope of discovery provided by the federal rules is quite broad; "any matter, not privileged, that is relevant to the claim or defense of either party..." is discoverable. F.R.Civ.P. 26(b)(1). The employment and educational records requested through the subject discovery are likely to contain information relevant to plaintiff's claims of status under the ADA, as well as the injuries for which plaintiff is seeking

compensation through this suit. Additionally, insofar as plaintiff has asked that if the Court allows the subject discovery, it be limited to records covering 2002-2004 only (comparable to the limitation which the Court imposed on discovery of jail records), that argument is unpersuasive. Finally, insofar as plaintiff has alleged that the discovery requested through these depositions and subpoenas of non-parties are burdensome, that is an argument which plaintiff does not have standing to assert. **See** 28 Federal Procedure L. Ed. § 65:271 (1996).

If plaintiff chooses to refile his motion and assert a privilege under the Family Educational Rights and Privacy Act of 1974, he is encouraged to address the specific issue of whether his claim of injury for which he seeks relief in this lawsuit constitutes a waiver of any privilege or right of privacy conferred by that statute.

It is so ORDERED.

**SIGNED** on June 29, 2006.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE